UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | BRANDON CHARTNEY and | ) |
| 2) | TIFFANY CHARTNEY | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| 1) | GOVERNMENT EMPLOYEES | ) |
| | INSURANCE COMPANY, and | ) |
| | | ) |
| 2) | DEBBIE ROSS, | ) |
| | | ) |
| | Defendants. | ) |

Case No.: CIV-14-398-C

*(formerly District Court of Oklahoma County; Case No. CJ-2014-1970)*

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Government Employees Insurance Company (hereinafter referred to as "Defendant" or "GEICO"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this Court.  Pursuant to LCvR 81.2(a), a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1 and 2**. Defendant has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

### INTRODUCTION

1.     Plaintiffs, Brandon Chartney and Tiffany Chartney ("Plaintiffs"), commenced this action against both Defendants in the District Court of Oklahoma County, State of

Oklahoma (Case No. CJ-2014-1970), on April **4**, 2014. (*See* Plaintiffs' Petition, attached as **EXHIBIT 2**.)

2.      On April **10**, 2014, Plaintiffs made the trip to the Oklahoma County Court Clerk's office, and issued a single summons.[1] (*See* Docket Sheet, dated April 18, 2014, Oklahoma County Case No. CJ-2014-1970, attached as **EXHIBIT 1**.)

3.      On April **10**, 2014, pursuant to Oklahoma Statute Title 36, Section 621(b) Plaintiffs served a summons and copy of the Petition on GEICO through the Oklahoma Insurance Commissioner.  (*See* Return of Service Documents, attached as **EXHIBIT 3**.)

4.      To date, Plaintiffs have not served a summons and copy of the Petition on co-Defendant Debbie Ross (hereinafter referred to as "Co-Defendant" or "Ross").  <u>In fact, to date, Plaintiffs have not even issued a summons with respect to Ross.</u>  (*See* Docket Sheet, dated April 18, 2014, Oklahoma County Case No. CJ-2014-1970, attached as **EXHIBIT 1**.)

5.      Plaintiffs allege that on June 26, 2013, their vehicle, a 2007 GMC Sierra pickup truck, VIN No. 3GTEK13357G644348, ("the Truck"), was stolen from where it had been parked in front of the Plaintiffs' home in Choctaw, Oklahoma County, Oklahoma (hereinafter referred to as "the Loss"). (*See* Petition, p.2, ¶ 8, **EXHIBIT 2**.)

6.      Additionally, Plaintiffs allege that at the time of the accident, they were insured by GEICO under Policy Number 4212-26-50-96.  Plaintiffs further allege that said policy "provided comprehensive coverage which provides, *inter alia*, that GEICO will pay the

---

[1]The next-to-last entry on the state court docket sheet for the present case, CJ-2014-1970, *Chartney v. GEICO*, shows that a single $5.00 clerk's fee was entered for the issuance of a summons.  Considering that the fee for a summons is $5.00, it is clear that only a single summons was issued.  Further, Ross has advised she has not been served.

Chartneys to repair or replace the Truck in the event it was damages [sic] or destroyed as the result of certain specified causes, including, but not limited to, theft." (*See* Petition, p.2, ¶ 9, **EXHIBIT 2**.)

7.    Plaintiffs allege that they "made promptly a claim to GEICO for the damage/loss of the Truck." (*See* Petition, p.2, ¶ 11, **EXHIBIT 2**.)

8.    Plaintiffs further allege that "[a]t some point during its handling of the Claim, GEICO hired or assigned Ross to investigate the Loss," and that "Ross was an employee or independent contractor acting on behalf of GEICO." (*See* Petition, p. 3, ¶ 19 and 20, **EXHIBIT 2**.)

9.    Plaintiffs further allege that in July of 2013, Brandon Chartney met with Ross during which time Ross "began yelling, screaming and making wild, threatening motions at Mr. Chartney putting Mr. Chartney in fear for his physical safety." (*See* Petition, p. 3, ¶ 21 and 22, **EXHIBIT 2**.)

10.    Plaintiffs have made further allegations regarding Ross, consisting of the following:

> A.    That Ross told Mr. Chartney that she did not believe that the Truck was really stolen, but that instead he and his wife had driven the truck into the lake in order to claim insurance proceeds.

> B.    That Ross and/or others at her or GEICO's request were following them and/or watching their house.

> C.    That Ross told the Plaintiffs' neighbors that the Truck had not been stolen and that the Plaintiffs had committed insurance fraud.

      D.     That Ross told Lindsay Roberts at Credit Union One of Oklahoma that the Truck had not been stolen and that the Plaintiffs had committed insurance fraud.

(*See* Petition, p. 4, ¶ 23, 26-28, **EXHIBIT 2**.)

11.     Plaintiffs allege that they timely filed a claim with GEICO for benefits under their comprehensive insurance policy, but "GEICO refuses to pay the claim." (*See* Petition, p. 5, ¶ 39, **EXHIBIT 2**.) According to Plaintiffs, "GEICO's refusal to pay the claim has put the Chartneys in a financial bind because they cannot afford to get Mr. Chartney a replacement vehicle while still making payments on the Truck" and that "because Mr. Chartney did not have transportation due to GEICO's refusal to make timely payment on the claim, Mr. Chartney missed out on a job opportunity and was unemployed for nearly four (4) months. (*See* Petition, p. 5, ¶ 40 and 41, **EXHIBIT 2**.)

12.     Plaintiffs have asserted causes of action against GEICO for the following: Breach of Contract, Breach of Insuror's Duty of Good Faith, False Light, Respondeat Superior and Intentional Infliction of Emotional Distress. (*See* Petition, **EXHIBIT 2**.)

13.     For each of the five separate causes of action against GEICO, Plaintiffs allege that they have sustained damages in excess of Ten Thousand Dollars ($10,000). As such, Plaintiffs have alleged damages in excess of Fifty Thousand Dollars ($50,000) against GEICO. (*See* Petition, p. 6, ¶ 49, p. 7, ¶ 54, p. 9, ¶ 72, p. 10, ¶¶ 85, 91, **EXHIBIT 2**.)

14.     In addition, Plaintiffs have requested an award of punitive damages against GEICO in excess of Ten Thousand Dollars ($10,000) for each of the following causes of action: Breach of Insuror's Duty of Good Faith, False Light, Respondeat Superior, and

Intentional Infliction of Emotional Distress.  Consequently, Plaintiffs have alleged additional damages in excess of Forty Thousand Dollars ($40,000).  (*See* Petition, p. 7, ¶ 56, p. 9, ¶ 73, p. 10, ¶ 85, p. 11, ¶ 93, **EXHIBIT 2**.)

15.     Plaintiffs have asserted causes of action against Defendant Ross for the following:  Defamation, False Light, Assault, and Intentional Infliction of Emotional Distress.  (*See* Petition, **EXHIBIT 2**.)

16.     For each of the four separate causes of action against Defendant Ross, Plaintiffs allege that they have sustained damages in excess of Ten Thousand Dollars ($10,000).  As such, Plaintiffs have alleged damages in excess of Forty Thousand Dollars ($40,000) against Ross. (*See* Petition, p. 7, ¶ 62, p. 8, ¶ 71, p. 9, ¶ 77, p. 10, ¶ 91, **EXHIBIT 2**.)

17.     In addition, Plaintiffs have requested an award of punitive damages against Defendant Ross in excess of Ten Thousand Dollars ($10,000) for each of the following causes of action:   Defamation, False Light, Assault, and Intentional Infliction of Emotional Distress.  Consequently, Plaintiffs have alleged additional damages in excess of Forty Thousand Dollars ($40,000) against Ross.  (*See* Petition, p. 8, ¶ 65, p, 9, ¶¶ 72, 78, p. 11, ¶ 93, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  For a federal court to have original jurisdiction of a case or controversy, there must exist a federal

question or diversity jurisdiction. At the time the Petition was filed, there existed no federal question at issue. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See* Petition, **EXHIBIT 2**.)

However, as of the moment Plaintiffs filed the Petition, there existed diversity jurisdiction. (*See* Petition, **EXHIBIT 2**.) Specifically, as of the date Plaintiffs filed their Petition, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between citizens of different states and the matter in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, as shown below.

At the time of filing, the relevant time period, Plaintiffs were residents and citizens of the State of Oklahoma. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). (*See* Petition, p. 1, ¶1, **EXHIBIT 2**.) In addition, GEICO is a foreign insurer licensed and conducting business in the State of Oklahoma. (*See* Petition, p. 1, ¶2, **EXHIBIT 2**.)

Moreover, Defendant Ross, at the time of filing, was a resident and citizen in the State of Oklahoma. (*See* Petition, p. 1, ¶3, **EXHIBIT 2**.) However, Title 28 U.S.C. § 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought.

6

(emphasis added). The Tenth Circuit and this Court have stated that federal statutes should be interpreted according to their plain language. If the language of a statute is clear and unambiguous, then the court's analysis ordinarily ends. *U.S. v. Handley*, 678 F.3d 1185, 1189 (10th Cir. 2012); *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008) (stating, "[i]f the statutory language is clear, our analysis ordinarily ends . . . ."); *Lindsay v. Thiokol,* 112 F.3d 1068, 1070 (10th Cir. 1997); *Lindsey v. Brinker Intern. Payroll Co., L.P.*, CIV-11-0396-HE, 2011 WL 2493047, at *3 (W.D. Okla. June, 22, 2011).

The language of the statute is clear and unambiguous. Title 28 U.S.C. 1441 (b)(2) clearly states removal is only prohibited when a <u>served</u> defendant resides in the forum state. Other districts applying the "plain language" approach to statutory construction agree with this interpretation. One Court stated, "Congress plainly intended to require service of the complaint, and not just proper joinder, to trigger the preclusion of removal by the forum resident defendant in a diversity case, and it did so by including the phrase 'properly joined and served' . . . ." *Thomson v. Novartis Pharmaceuticals Corp*, No. 06-6280, 2007 WL 1521138, at *4 (D. N.J. May 22, 2007); *see also Howard v. Genetech, Inc.*, No. 12-11153-DPW, 2013 WL 680200, at *1 (D. Mass. February 21, 2013) (stating " 28 U.S.C. § 1441(b) permits removal by a non-forum defendant despite the presence of a forum defendant named in the complaint, as long as the non-forum defendant has been served and removes the case prior to service on the forum defendant.").

The court in *Thomson* further stated that permitting removal prior to the time of service is not "demonstrably at odds" with Congressional intent and would not create such

a "bizarre" outcome "that Congress could not have intended it." *Thomson*, 2007 WL
1521138, at *4.  There is no evidence demonstrating that Defendant Ross has been served.
Thus, 28 U.S.C. 1441(b)(2) is not triggered and removal is not prohibited.  *See Thomson*,
2007 WL 1521138, at *4 (providing "removal is prohibited only where a defendant, who is
a resident of the forum state, has been 'properly joined *and served*.'" (emphasis in
original)(quoting 28 U.S.C. § 1441(b)).  *Gift Card Impressions v. Grp. Serv. Ltd.*, No. 12-
CV-2766-CM, 2013 WL 568211, at *1 (D.Kan. February 13, 2013) (stating " [t]he 'joined
and served' language is included to prevent plaintiffs from foreclosing a defendant's ability
to remove an action by naming a local defendant whom the plaintiff has no intention of
serving or proceeding against.").  <u>Moreover, not only has Defendant Ross not been served,
Plaintiffs have yet to even issue summons with respect to Ross</u>.  (*See* Copy of State Court
Docket Sheet, **EXHIBIT 1**.)  Interestingly, Plaintiffs had no such compunction about issuing
a summons within days of filing their lawsuit with respect to GEICO, a nationally recognized
insurance company.

Considering that Plaintiffs have only issued summons with respect to GEICO, it is
evident that Plaintiffs have no intention of ever actually pursuing a claim or lawsuit against
Ross.  It is also axiomatic that Plaintiffs only included Ross in the present action to destroy
diversity jurisdiction.  This is also made clear by the fact that Plaintiffs have asserted a
"cause of action" against GEICO for "Respondeat Superior" despite the fact that Plaintiffs
have named GEICO's employee in the lawsuit.

Similarly, there is no requirement that Defendant Ross join in this Notice of Removal. *See* 28 U.S.C. 1446(b)(2)(C) (providing "all defendants who have been properly joined **and served** must join in or consent to the removal of the action.") (emphasis added); *See also Boulter v. Citi Residential Lending,* CIV-10-350-JHP, 2011 WL 128786 (E.D. Okla. January 14, 2011) (stating "it is true that only served parties must join in the notice of removal." (citing *Kiro v. Moore*, 229 F.R.D. 228, 230 (D. N.M. 2005))).

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

The requirement that Plaintiffs seek in excess of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs, is also met. "The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). As disclosed by the pleadings, Plaintiffs are seeking in excess of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs against both Defendants. Specifically, Plaintiffs are seeking in excess of Seventy-five Thousand Dollars $75,000, exclusive of interest and costs, against GEICO alone.

The Tenth Circuit Court of Appeals has held that the aggregation of claims suffices to pass the threshold of the jurisdictional requirement of an amount in excess of Seventy-five Thousand Dollars ($75,000). But where a **single plaintiff has multiple claims against a single defendant** or against two or more defendants jointly, **and the claims are of such character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy.** *Edwards v. Bates County*, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed, 155; *Kimel v. Missouri State Life Insurance*

*Co.*, 10 Cir., 71 F.2d 921; *Provident Mutual Insurance Company of Philadephia v. Parsons*, 4 Cir., 70 F.2d 863, certiorari denied 293 U.S. 582, 55 S.Ct. 95, 79 L.Ed. 678; *Simecek v. United States National Bank of Omaha*, Neb., 8 Cir., 91 F.2d 214. *Alberty v. W. Sur. Co.*, 249 F.2d 537, 538 (10th Cir. 1957) (emphasis added).  Moreover, where the plaintiff has several demands against the defendant which he may join in one action, the aggregate of those demands exclusive of interests and costs is the amount in controversy. *Kimel v. Missouri State Life Ins. Co.*, 71 F.2d 921, 924 (10th Cir. 1934).

In the present matter, Plaintiffs have asserted five separate causes of action against GEICO, averring that each claim is in excess of Ten Thousand Dollars ($10,000), for a total in excess of Fifty Thousand Dollars ($50,000).  In addition, Plaintiffs have requested an award of punitive damages against GEICO in excess of Ten Thousand Dollars ($10,000) for four of their causes of action, for a total in excess of Forty Thousand Dollars ($40,000).  As such, the aggregation of Plaintiffs' claims against GEICO alone equate to an amount in excess of Ninety Thousand Dollars ($90,000).  Further, Plaintiffs have asserted four separate causes of action against Defendant Ross, averring that Plaintiffs have sustained damages in an amount in excess of Ten Thousand Dollars ($10,000) for each cause of action, for a total in excess of Forty Thousand Dollars ($40,000).  Plaintiffs have also requested an award of punitive damages against Defendant Ross in excess of Ten Thousand Dollars ($10,000) for each of the four causes of action, for a total in excess of Forty Thousand Dollars ($40,000).  Consequently, Plaintiffs have sought damages in excess of Eighty Thousand Dollars ($80,000) against Defendant Ross alone.  Combined with Plaintiffs' claims against GEICO,

Plaintiffs are seeking damages in excess of One Hundred Seventy Thousand Dollars ($170,000), well above the Seventy-five Thousand Dollar ($75,000) jurisdictional requisite. Alternatively, Plaintiffs have sought damages in excess of Eighty Thousand Dollars ($80,000) against GEICO alone, thereby surpassing the jurisdictional threshold in either case.

Therefore, based on the foregoing, removal is proper under 28 U.S.C. § 1441(a) on the ground that this is a civil action over which the court has original jurisdiction under 28 U.S.C. § 1332(a)(2), as the parties are diverse and the amount in controversy with respect to Plaintiffs' claims exceeds Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

Plaintiff's three separate claims against the Defendant total Fifteen Thousand Dollars ($15,000). Rule 18(a), Federal Rules of Civil Procedure, provides in substance that a party asserting a claim for relief may join as many claims as he has against an opposing party. The claims in question are properly joined and meet the jurisdictional requirements of the United States District Courts; 28 U.S.C.A. § 1332.

In a diversity action where a single plaintiff has multiple claims against a single defendant, and the claims are of such a character that they may be properly joined in one suit, the aggregate amount thereof is, for the purpose of Federal jurisdiction, the amount in controversy. *Alberty v. Western Surety Company*, 249 F.2d 537 (10 CA 1957); *Kimel v. Missouri State Life Insurance Company*, 71 F.2d 921 (10 CA). *Markham v. State Farm Mut. Auto. Ins. Co.*, 326 F. Supp. 39, 41 (W.D. Okla. 1971) rev'd and remanded, 464 F.2d 703 (10th Cir. 1972).

However, when a single plaintiff has multiple claims against a defendant or against two or more defendants, the Court should consider the aggregate value of the claims for the purposes of the amount in controversy. *Alberty v. Western Sur. Co*., 249 F.2d 537, 538 (10th Cir.1957). The Court will consider each plaintiff individually in determining if the amount in controversy requirement is satisfied. *Chidester ex rel. Chidester v. Kaz, Inc*., 07-CV-0084 CVE PJC, 2007 WL 1087728 (N.D. Okla. Apr. 9, 2007)

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

This Notice of Removal is timely filed with this court, pursuant to 28 U.S.C. § 1446(b), because 30 days have not elapsed since GEICO was served. (*See* Petition filed on April 4, 2014, **EXHIBIT 2;** Return of service Documents demonstrating service on GEICO on April 10, 2014, **EXHIBIT 3**.)  Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action.  (*See* Petition, filed on April 4, 2014, **EXHIBIT 2**.)

Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the Defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma.  The Western District of Oklahoma includes Oklahoma County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

Pursuant to 28 U.S.C. § 1446(d), GEICO will serve written notice of the filing of this Notice of Removal upon Plaintiffs, and GEICO will file a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, Government Employees Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

S/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
C. Dayne Mayes, OBA No. 21745
PIGNATO, COOPER,
  KOLKER & ROBERSON, P.C.
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:        jerry@pclaw.org
              Dayne@pclaw.org
ATTORNEYS FOR DEFENDANT,
  GOVERNMENT EMPLOYEES
  INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Simone Gosnell Fulmer, Esquire
Jon Carin L. Marcussen, Esquire
WHITTEN BURRAGE

Mr. Tim Rhodes, Court Clerk                    *VIA U.S. MAIL*
Oklahoma County Court Clerk
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102-3604

s/Gerard F. Pignato
For the Firm