# EXHIBIT 2

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

APR - 4 2014

|  |  |  |
|---|---|---|
| BRANDON CHARTNEY and TIFFANY CHARTNEY, | ) ) ) | TIM RHODES COURT CLERK |
| Plaintiffs, | ) ) | **30**_____ |
| v. | ) ) | **CJ - 2014 - 1970** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, and DEBBIE ROSS, | ) ) ) ) | Case No. _____ Judge _____ |
| Defendants. | ) ) | |

## PETITION

COME NOW Plaintiffs Brandon Chartney and Tiffany Chartney and for their causes of action against Defendant Government Employees Insurance Company and Defendant Debbie Ross allege and state as follows:

### JURISDICTION AND VENUE

1. Plaintiffs Brandon Chartney and Tiffany Chartney, (hereinafter referred to, collectively as "the Chartneys"), are citizens of the State of Oklahoma and residents of Choctaw, Oklahoma County, Oklahoma. At all times relevant herein, the Chartneys were husband and wife.

2. Defendant Government Employees Insurance Company, (hereinafter, "GEICO"), is a foreign insurer licensed and conducting business in the State of Oklahoma.

3. Defendant Debbie Ross, (hereinafter, "Ross"), is a citizen of the State of Oklahoma and a resident of Midwest City, Oklahoma County, Oklahoma.

4. The events that give rise to this action occurred in this state and county.

5.    The Court has jurisdiction over the subject matter of this action as well as each of the parties.

6.    Venue is proper pursuant to 12 O.S. § 137 and/or 12 O.S. § 139.

### FACTUAL BACKGROUND

7.    The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

8.    On or about June 26, 2013, the Chartneys' 2007 GMC Sierra pick-up truck, VIN 3GTEK13357G644348, ("the Truck"), was stolen from where it had been parked in front of the Chartneys' home in Choctaw, Oklahoma County, Oklahoma, (hereinafter referred to as "the Loss").

9.    At the time the Loss, the Chartneys maintained automobile insurance with GEICO, Policy No. 4212-26-50-96, (hereinafter referred to as "the Policy"), which provided comprehensive coverage which provides, *inter alia*, that GEICO will pay the Chartneys to repair or replace the Truck in the event it was damages or destroyed as the result of certain specified causes, including, but not limited to, theft.

10.    Police recovered the Truck in Cleveland County, Oklahoma on June 26, 2013. The Truck had been stripped and then submerged in Lake Thunderbird.

11.    The Chartneys made promptly a claim to GEICO for the damage/loss of the Truck, (hereinafter, "the Claim").

12.    The Claim was assigned to Debra Reed, (hereinafter, "Reed"), for handling.

13.    Unbeknownst to the Chartneys, GEICO had the vehicle towed and stored at a salvage yard.

14.    GEICO refused to tell the Chartneys where the Truck was or what condition it was in.

15.     The Chartneys finally learned where the Truck was located when someone from Insurance Auto Auction, Inc. called Brandon Chartney.

16.     Upon learning where the Truck was located, the Chartneys inspected the vehicle. It was clear to them that the Truck was a total loss.

17.     Shortly thereafter, by letter dated July 17, 2013, Reed advised the Chartneys that they needed to have the vehicle moved and that all storage expenses after July 19, 2013 would be their responsibility.

18.     The Truck is currently in storage at Insurance Auto Auction, Inc. Mr. Chartney has been informed that storage fees are not being incurred.

19.     At some point during its handling of the Claim, GEICO hired or assigned Ross to investigate the Loss.

20.     At all times relevant herein, Ross was an employee or independent contractor acting on behalf of GEICO.

21.     In July of 2013, Brandon Chartney met with Ross and sat in her car while she asked him questions. During this conversation, Ross requested that Mr. Chartneys provide her with copies of his and his wife's cell phone and work attendance records. Mr. Chartney agreed to do so.

22.     Ross started recording their conversation but, after a while, turned off the recorder and began yelling, screaming and making wild, threatening motions at Mr. Chartney, putting Mr. Chartney in fear for his physical safety.

23.     Ross told Mr. Chartney that she did not believe that the Truck was really stolen but that, instead, he and his wife had driven the Truck into the lake in order to collect insurance proceeds. Ross told Mr. Chartney that she would see that he went to jail for insurance fraud.

24.     By letter dated August 5, 2013, GEICO requested that the Chartneys provide copies of work and attendance records and cell phone records to Ross.

25.     Within a few weeks, the Chartneys had obtained the requested information and made it available to Ross.

26.     The Chartneys believe Ross and/or others at her or GEICO's request were or are following them and/or watching their house.

27.     Upon information and belief, Ross talked to the Chartneys' neighbors and told them that the Truck hadn't really been stolen and that the Chartneys had committed insurance fraud (a crime).

28.     Ross told Lindsay Roberts at Credit Union One of Oklahoma that the Truck hadn't really been stolen and that the Chartneys had committed insurance fraud (a crime).

29.     By letter dated September 25, 2013, GEICO advised the Chartneys that it was still investigating and reviewing the Claim.

30.     By letter dated November 15, 2013, Tom Ventura of Carr & Carr advised GEICO that he represented the Chartneys with regard to the Loss.

31.     By letter dated November 19, 2013, GEICO acknowledged Mr. Ventura's representation of the Chartneys and advised that they were still investigating the Claim.

32.     By letter dated November 21, 2013, GEICO advised Mr. Ventura that an attorney named Michael Githens would be contacting him to schedule an examination under oath, ("EUO") of Mr. Chartney.

33.     As of this filing, GEICO has not taken an EUO of either Mr. or Mrs. Chartney.

34.     At the time of the Loss, the Chartneys had a loan with Credit Union One of Oklahoma for which the Truck was collateral.

35.    At the time of the Loss, the Truck was worth approximately thirty thousand dollars ($30,000.00).

36.    The Chartneys have not missed a payment on the loan either prior to or since the Loss.

37.    At the time of the Loss, the Chartneys were current on their insurance payments.

38.    At the time of the Loss, the Chartneys were in good financial condition.

39.    Because GEICO refuses to pay the Claim, the Chartneys have been forced to continue making payments on the Truck even though they cannot use it. Further, in order not to violate the terms of the loan agreement, the Chartneys maintained insurance on the Truck.

40.    GEICO's refusal to pay the Claim has put the Chartneys in a financial bind because they cannot afford to get Mr. Chartney a replacement vehicle while still making payments on the Truck.

41.    Because Mr. Chartney did not have transportation due to GEICO's refusal to make timely payment on the Claim, Mr. Chartney missed out on a job opportunity and was unemployed for nearly four (4) months.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

42.    The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

43.    At the time of the Loss, the Chartneys were insured by GEICO for loss/damage to the Truck caused by theft.

44.    As a direct and proximate result of the Loss, the Truck is a total loss.

45.    The Chartneys made a claim to GEICO for policy benefits for the Loss.

46.     Pursuant to the terms of the Policy, GEICO is required to compensate the Chartneys for the Loss.

47.     GEICO failed and refused to pay the Chartneys' claim, which a breach of contract.

48.     As a direct and proximate result of GEICO's breach of contract, the Chartneys have sustained damages in excess of ten thousand dollars ($10,000.00).

49.     Judgment should be entered in favor of the Chartneys against GEICO for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION:
## BREACH OF INSURER'S DUTY OF GOOD FAITH

50.     The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

51.     GEICO owes the Chartneys, its insureds a duty to deal fairly and good faith with them.

52.     GEICO breached said duty in one or more of the following ways:

    a.     Conducting an unfair and biased investigation of the Claim;

    b.     Unreasonably delaying payment of the Claim;

    c.     Forcing the Chartneys to file suit to obtain the benefits they are owed;

    d.     Defaming the Chartneys;

    e.     Putting the Chartneys in a false light; and/or

    f.     Assaulting Mr. Chartney.

53.     As a direct and proximate result of GEICO's breach of the duty of good faith and fair dealing, the Chartneys have sustained damages, including deprivation of policy benefits and

mental anguish, anger, worry, stress, embarrassment and loss of reputation, which exceed ten thousand dollars ($10,000.00).

54.     Judgment should be entered in favor of the Chartneys against GEICO for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

55.     The acts of GEICO were reckless and/or intentional and malicious.

56.     Punitive damages in excess of ten thousand dollars, ($10,000.00), should be awarded against GEICO to punish it and deter others.

### THIRD CAUSE OF ACTION:
### DEFAMATION

57.     The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

58.     Ross made false and defamatory statements (that the Chartneys had committed a crime) to Lindsay Roberts.

59.     Upon information and belief, Ross made false and defamatory statements (that the Chartneys had committed a crime) to the Chartneys' neighbors.

60.     At the time Ross made the statements she had no reasonable basis for believing them to be true and, moreover, was not privileged to make the statements.

61.     Ross' statements were *libel per se.*

62.     As a direct and proximate result of the defamatory statements of Ross, the Chartneys suffered damages, including mental anguish, anger, worry, stress, embarrassment and loss of reputation, which exceed ten thousand dollars ($10,000.00).

63.     Judgment should be entered in favor of the Chartneys against Ross for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

64.     The acts of Ross were reckless and/or intentional and malicious.

65.     Punitive damages in excess of ten thousand dollars, ($10,000.00), should be awarded against Ross to punish her and deter others.

## FOURTH CAUSE OF ACTION:
### FALSE LIGHT

66.     The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

67.     Ross publicized GEICO's investigation of the Loss and presented the Chartneys in a false light – i.e. telling people that the Truck hadn't really been stolen and that the Chartneys had committed insurance fraud (a crime).

68.     The false light that Ross presented the Chartneys in would be highly offensive to the reasonable person.

69.     At the time of the publication, Ross knew there was no evidence to prove that the Chartneys had anything to do with the theft of the Truck and/or that the Chartneys had committed insurance fraud (a crime).

70.     Ross acted intentionally, maliciously and/or with reckless disregard for the truth and the rights of the Chartneys.

71.     As a direct and proximate result of the false light that Ross and GEICO presented them in, the Chartneys suffered damages, including mental anguish, anger, worry, stress, embarrassment and loss of reputation, which exceed ten thousand dollars ($10,000.00).

72.    Judgment should be entered in favor of the Chartneys against Ross and GEICO for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

73.    Punitive damages in excess of ten thousand dollars, ($10,000.00), should be awarded against Ross to punish her and deter others.

## FIFTH CAUSE OF ACTION:
## ASSAULT

74.    The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

75.    While Mr. Chartney was in the confined space of Ross' vehicle, Ross yelled, screamed and made wild, threatening motions at Mr. Chartney, which Ross intended to and which did cause Mr. Chartney to reasonably fear harmful or offensive contact from Ross.

76.    As a direct and proximate result of Ross' assault, Mr. Chartney suffered damages in excess of ten thousand dollars ($10,000.00).

77.    Judgment should be entered in favor of Mr. Chartney against Ross for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

78.    Punitive damages in excess of ten thousand dollars, ($10,000.00), should be awarded against Ross to punish her and deter others.

## SIXTH CAUSE OF ACTION:
## RESPONDEAT SUPERIOR

79.    The Chartneys hereby incorporate each of the preceding paragraphs as if fully set forth herein.

80.    Ross is an employee of GEICO.

81.   Ross is an independent contractor hired by GEICO.

82.   Ross was acting on behalf of GEICO at the time of the incidents alleged in this Petition.

83.   Ross was within the course and scope of her employment/contract with GEICO when the incidents alleged in this Petition occurred.

84.   GEICO is liable to the Chartneys for the injuries caused by Ross.

85.   WHEREFORE, Plaintiff prays for judgment, including punitives, against GEICO for an amount in excess of ten thousand dollars ($10,000.00).

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.   The Chartneys hereby incorporate each of the preceding paragraphs as if set forth fully herein.

87.   Ross and/or GEICO intentionally and/or recklessly withheld payment of the Claim, made false statements about the Chartneys, and/or presented the Chartneys in a false light.

88.   The conduct of Ross and GEICO was extreme and outrageous.

89.   As a direct and proximate result of Ross' and GEICO's conduct, the Chartneys suffered extreme emotional distress, anger, worry and embarrassment

90.   The Chartneys' damages exceed ten thousand dollars ($10,000.00).

91.   Judgment should be entered in favor of the Chartneys against Ross and GEICO for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

92.   The acts of Ross and GEICO were reckless and/or intentional and malicious.

93.     Punitive damages in excess of ten thousand dollars, ($10,000.00), should be awarded against Ross and GEICO to punish them and deter others.

### PRAYER FOR RELIEF

94.     WHEREFORE Plaintiffs Brandon and Tiffany Chartney pray for judgment in their favor against Defendants Government Employees Insurance Company and Debbie Ross, each of them, for damages in excess of ten thousand dollars ($10,000.00), plus interest, costs, attorney fees and such other relief as the Court deems just and equitable.

Respectfully submitted,

Simone Gosnell Fulmer, OBA #17037
Carin L. Marcussen, OBA #19869
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, OK 73103
Telephone:   405-516-7800
Facsimile:   405-516-7859

**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEY LIEN CLAIMED!**

**JURY TRIAL DEMANDED!**